

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00129-CR

**STEPHEN LEE COTTON,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**


_____


**From the 52nd District Court
Coryell County, Texas
Trial Court No. FAM 08-19219**


## MEMORANDUM  OPINION


        In this case, appellant, Stephen Lee Cotton, was charged by indictment with one

count of injury to a child, a third-degree felony, involving an offense that occurred on

December 11, 2007.  *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West Supp. 2012).

Pursuant to a plea bargain with the State, appellant pleaded guilty to the charged

offense.  The trial court deferred a finding of guilt, placed appellant on deferred

adjudication community supervision for a period of seven years, ordered that appellant

serve 180 days in the county jail as a condition of his community supervision with credit for time served, and assessed a $750 fine.

On February 13, 2012, the State filed a motion to revoke appellant's community supervision, alleging three violations of the terms of his community supervision. Specifically, the State alleged that appellant failed to: (1) report in person to his probation officer in October, November, and December 2011; (2) make payments for his supervision fees for numerous months in 2008, 2009, 2010, 2011, and 2012; and (3) notify Coryell County of his whereabouts by sending in his monthly mail-in report for numerous months in 2010, 2011, and 2012.

At the hearing on the State's motion to revoke, appellant pleaded "true" to all of the allegations made by the State. At the conclusion of the evidence, the trial court adjudicated appellant guilty of the underlying offense—injury to a child—and sentenced him to three years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals, and we affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of error upon which an appeal can be predicated.[1] Counsel's brief meets the requirements

---

[1] Initially, appellant was represented by Scott Stevens on appeal. On December 31, 2012, Stevens filed an *Anders* brief in this matter. However, accompanying Stevens's *Anders* brief was a notification that he could no longer represent Cotton because he had accepted a position with the Coryell County District Attorney's Office. In light of this notification, we sent the trial court a letter requesting the removal of Stevens as counsel and the appointment of new counsel. Nikki Mundkowsky has appeared on

of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

---

appellant's behalf and, on February 20, 2013, filed a motion to adopt Stevens's previously-filed *Anders* brief and a motion to withdraw. We grant counsel's motion to adopt.

[2] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, the judgment of the trial court is affirmed.

## III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant

and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


AL SCOGGINS
Justice


Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed April 11, 2013
Do not publish
[CR25]

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.